Assumpsit. A promise by the defendant to pay the plaintiff's intestate $100 for clearing away the ruins of an old building in the town of Wilmington, and a performance of the work by the intestate, were established. But the defendant claimed to be entitled to a set-off, consisting of the amount of an account against a slave of the intestate for work and labor rendered to him (the slave), at his request, and money loaned to the slave. The legality of this set-off was made to turn upon the inquiry whether the manner of the slave's usual employment implied a license from the master to him to contract in this case for the labor and borrow the money in question. In the course of the investigation the plaintiff gave in evidence sundry cases in which the master had ratified bargains of the slave, such as contracts for jobs of work, and had claimed the benefit of them, and gave in evidence also the master's declarations, going to show a general license to the slave to make bargains to bind him. In reply to this latter proof, the plaintiff then offered to show declarations made at other times by the intestate, tending to rebut this presumption of a general license, such as his declarations, upon discovering the slave's engagements, that he had used every effort to prevent the slave from acting in such matters without his express authority, (230) and threats to sue persons for employing him without his permission.
The evidence was objected to on the part of the defendant, but admitted by the court, upon the ground that the declarations of the plaintiff having been resorted to by the defendant to establish a state of facts from which an agency in the slave might be implied, it was then competent for the plaintiff himself to resort to the same sources, to-wit, his own declarations, at any time ante litem motam, for evidence to obviate such implication. After instructions to the jury from the court, which were not objected to, there was a verdict declaring that there was no set-off, etc.
A rule for a new trial, upon the ground of the admission of improper testimony, having been discharged, and judgment rendered for the plaintiff, the defendant appealed. *Page 178 
The account rendered, which the defendant offered as a set-off, was for work done for the slave and money lent to the slave. A general license by the master to his slave to make bargains for work to be done only for the benefit of the slave, and also a license for the slave to borrow money on his own account, would not render the master a debtor to a person who should be so inconsiderate as to run up an account with a slave thus licensed. It would not be work done or money lent for the benefit of the master by the agency of his slave. We are of opinion that the defendant had not offered any evidence tending to establish a set-off at the time when the court permitted the plaintiff to give in evidence the declarations of his intestate; therefore, the said declarations were immaterial as evidence, and the admission of them by the court constituted no ground for a new trial.
PER CURIAM. No error.
(231)